UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUPERIOR HERBS, LLC,<br><br>                            Plaintiff,<br><br>   - against -<br><br>HERBGUY, INC. d/b/a ROCKHEDGE HERB FARMS and JOHN ALVA,<br><br>                            Defendants. | Case No. 7:19-cv-10510-KMK<br><br>**PRELIMINARY<br>INJUNCTION ORDER** |

Plaintiff Superior Herbs, LLC ("Superior" or "Plaintiff") seeks an order enjoining and restraining defendants Herbguy, Inc. d/b/a Rockhedge Herb Farms ("Rockhedge") and John Alva ("Alva") (Rockhedge and Alva collectively, "Defendants") and their customers, agents, employees, officers, directors, successors, subsidiaries, related entities, assigns, and banking institutions from taking any action to assign, transfer, convey, spend or dissipate PACA trust funds in the sum of $155,103.00, except for delivery to Plaintiff's counsel, and directing and requiring Defendants to account for the assets and liabilities of Rockhedge and its affiliated entities.

Upon consideration of the order to show cause entered by the Court on November 13, 2019 (Docket No. 8) (the "Order"), the documents submitted by Plaintiff in support (Docket Nos. 4-7) (the "Application"), and the hearing held on November 21, 2019, the Court, pursuant to Fed. R. Civ. P. 65, makes the following findings of fact and conclusions of law:

1.    Plaintiff is engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is licensed as a dealer under PACA. Declaration of Ericka Tamayo in Support of Motions for Relief Pursuant to Fed. R. Civ. P. 65 (Docket No. 6) ("Tamayao Declaration") at ¶ 3; Exhibit A.

2. Rockhedge is and/or was engaged in the business of buying and selling wholesale quantities of produce in interstate commerce and is and/or was licensed under PACA as a dealer at all relevant times. Tamayo Declaration at ¶ 4; Exhibit B.

3. Plaintiff sold to Defendants various wholesale lots of produce, which had been moved in interstate commerce or contemplation thereof, worth $155,103.00, for which it has not been paid. Tamayo Declaration at ¶ 8; Exhibit C.

4. Defendants accepted the produce received from Plaintiff. Tamayo Declaration at ¶ 9.

5. Plaintiff preserved its interests under the trust provisions of PACA in the amount of $155,103.00 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4). Tamayo Declaration at ¶ 10; Exhibit C.

6. Defendants have acknowledged having severe cash flow and financial problems and have not paid the amount due Superior as required under the PACA trust. Tamayo Declaration at ¶ 11.

7. Defendants were served with the Order and the Application via Federal Express. Docket No. 9.

Based on the factual showings made by Plaintiff, it appears that the PACA trust assets in the possession of Defendants have been dissipated and are further threatened with dissipation. Therefore, the Court finds that the requirements for the issuance of a preliminary injunction are met[1]: (1) there is a likelihood that Plaintiff will be successful on the merits of its claims; (2) there is a likelihood of irreparable harm to Plaintiff if the injunctive relief does not issue; (3) the balance of the equities favors Plaintiff, whose funds may be dissipated, whereas there would

---

[1] *Winter v. Natural Res. Defense Council*, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008); *Salinger v. Colting*, 607 F.3d 68, 79 (2d Cir.2010).

appear to be little harm to Defendants if the injunctive relief is granted, since Defendants are only ordered to do that which they are required to do under the statute (i.e., maintain the trust assets as required by the statute and pay the undisputed debt or, failing that, turn over documents as hereinafter set forth); and (4) the public interest would be furthered by the granting of injunctive relief, as PACA states that its trust provisions were promulgated to benefit the public interest that suffers due to non-payment for produce.

Accordingly, this 21st day of November, 2019

**ORDERED,** that Plaintiff's Motion for Preliminary Injunction is granted; and it is further

**ORDERED,** that Defendants, their customers, agents, employees, officers, directors, subsidiaries, related entities, successors, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Rockhedge, its successors, subsidiaries and related companies until further order of this Court or until Defendants deliver to Plaintiff's counsel the sum of $155,103.00 by bank check or wire transfer; and it is further

**ORDERED,** that within five (5) business days of the date of this Order, Defendants shall supply to Plaintiff's counsel the following documents regarding the assets of Rockhedge, its successors, subsidiaries and related companies, including but not limited to: (1) most recent balance sheets and profit/loss statements; (2) all accounts receivable records showing all funds collected by or on behalf of Defendants in the last sixty days in addition to all records showing accounts receivable currently outstanding, including names, addresses, amounts and other documentation such as invoices and account statements necessary for collection purposes; (3) all documents related to funds owed to Defendants on behalf of credit/debit card processors and any other electronic funds transfers due defendants; and (4) all financial records, such as bank

account statements, checking account registers and cash receipt records, showing any transfer of funds to or from Rockhedge in the last six months; and it is further

**ORDERED,** that Defendants and/or any banking institutions used by Defendants shall, within two (2) business days of service of this Order, deliver any and all funds realized from the sale of produce in their possession up to $155,103.00 to McCarron & Diess, 576 Broadhollow Road, Suite 105, Melville, New York 11747, attorneys for Plaintiff, to be held by Plaintiff's counsel pending further order of the Court; and it is further

**ORDERED,** that any and all funds belonging to Rockhedge, its successors, subsidiaries and related companies, in the possession of third parties, including all funds belonging to Rockhedge, its successors, subsidiaries and related companies, on deposit at banking institutions up to $155,103.00, shall be immediately delivered to McCarron & Diess, 576 Broadhollow Road, Suite 105, Melville, New York 11747, attorneys for Plaintiff, to be held by Plaintiff's counsel pending further order of the Court; and it is further

**ORDERED,** that the attorneys for Plaintiff are hereby authorized and directed to collect all outstanding accounts receivable of Rockhedge, its successors, subsidiaries and related companies, and pay over said collections to Plaintiff until Plaintiff's counsel receives full payment of the sum of $155,103.00; and it is further

**ORDERED** that Defendants are required to fully cooperate with Plaintiff's attorneys in providing any necessary documents to effect collection of accounts receivable of the Rockhedge; and it is further

//

//

//

**ORDERED**, that delivery of a copy of this Order to Defendants shall be deemed to constitute notice of this Order upon Defendants, their agents, servants and employees pursuant to Fed. R. Civ. P. 65(d)(2).

*This Order is without prejudice to Defendant contesting the order after he retains counsel.*

**ISSUED:**

11/21/19

_____
Kenneth M. Karas, U.S.D.J.